**COOLEY GODWARD KRONISH LLP**
STEPHEN C. NEAL (CA BAR NO. 170085)
(nealsc@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:   (650) 843-5000
Facsimile:    (650) 857-0663

FRANK V. PIETRANTONIO (pro hac vice)
(fpietrantonio@cooley.com)
JONATHAN G. GRAVES (pro hac vice)
(jgraves@cooley.com)
NATHAN K. CUMMINGS (pro hac vice)
(ncummings@cooley.com)
One Freedom Square, Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:   (703) 456-8000
Facsimile:    (703) 456-8100

Attorneys for Plaintiff
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.
in the Cases Transferred from the Eastern District of Texas
except *Katz v. GE*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case No. 07-ML-1816-B RGK (FFMx) |
| This document relates to: | **PLAINTIFF'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION TO ENFORCE THE COURT'S RULINGS REGARDING RAKTL PRIVILEGE WAIVER** |
| Ronald A. Katz Technology Licensing L.P. v. American Airlines, Inc., et al.   CV 07-2196 RGK (FFMx) | |
| Ronald A. Katz Technology Licensing L.P. v. Aetna, Inc., et al.   CV-07-2213 RGK (FFMx) | **Date:**<br>**Time:**<br>**Place:  Courtroom 850** |
| Ronald A. Katz Technology Licensing L.P. v. Citibank, N.A., et al.   CV 07-2220 RGK (FFMx) | The Honorable R. Gary Klausner |
| Ronald A. Katz Technology Licensing L.P. v. T-Mobile USA, Inc.   CV 07-2250 RGK (FFMx) | |
| Ronald A. Katz Technology Licensing L.P. v. Genesys, et al.   CV 07-2254 RGK (FFMx) | |
| Ronald A. Katz Technology Licensing L.P. v. American Electric Power Co., Inc., et al. | |

| | |
|---|---|
| 1 | CV 07-2257 RGK (FFMx) |
| 2 | Ronald A. Katz Technology Licensing L.P. v. Cox Communications, Inc., et al. |
| 3 | CV 07-2299 RGK (FFMx) |
| 4 | Ronald A. Katz Technology Licensing L.P. v. DirecTV Group, Inc., et al. |
| 5 | CV 07-2322 RGK (FFMx)<br>Ronald A. Katz Technology Licensing L.P. v. Earthlink, Inc., et al. |
| 6 | CV 07-2325 RGK (FFMx) |
| 7 | Ronald A. Katz Technology Licensing L.P. v. General Motors Corp., et al. |
| 8 | CV 07-2339 RGK (FFMx)<br>Ronald A. Katz Technology Licensing L.P. v. Humana, Inc., et al. |
| 9 | CV 07-2340 RGK (FFMx) |
| 10 | Ronald A. Katz Technology Licensing L.P. v. U.S. Bancorp, et al. |
| 11 | CV 07-2360 RGK (FFMx) |

**In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)**

**PLAINTIFF'S OPP'N TO DEFS.' *EX PARTE* APP'N TO ENFORCE THE COURT'S RULINGS RE PRIVILEGE**

1       Defendants' *Ex Parte* Application requests that the Court sanction Katz and order a complete waiver of all communications between Mr. Katz and his patent counsel, Mr. Nilsson, prior to 1994 based upon only conjecture, unsubstantiated allegations of bad faith, and recycled allegations regarding conduct in a previous litigation—none of which justify such draconian relief.  As a threshold matter, Defendants made no attempt to meet and confer with Katz regarding the issues raised in their Application.  Nor did Defendants provide Katz with any meaningful opportunity to assess their claims that additional privileged documents fell within the scope of waiver.  Significantly, Defendants fail to mention that Katz performed an expeditious review of its privileged documents and produced 72 documents subject to the waiver within four business days of the issuance of the Court's Order on Defendants' Objection to the Magistrate's Ruling on Discovery Special Master's Revised Order No. 12 ("Order"), despite the fact that the Order did not set a production deadline for those documents.  And now, having had the opportunity to review the 78 privileged documents identified by Defendants in their Application, Katz has determined that only seven of those documents fall within the scope of the waiver found in the Order, and has produced those documents to Defendants.  The remainder of the privileged documents identified by Defendants either are duplicates of previously produced privileged documents or do not fall within the waiver determined by the Court.  In the end, Defendants' Application is a transparent motion for reconsideration, as Defendants seek to obtain the expansive scope of waiver rejected by Special Master Quinn, Magistrate Judge Mumm, and this Court.  The Application should therefore be denied.

**I.     KATZ HAS IDENTIFIED AND PRODUCED PRIVILEGED DOCUMENTS THAT FALL WITHIN THE WAIVER FOUND IN THE COURT'S ORDER.**

      The Court issued its Order on April 22, 2008.  Although the Order did not set a deadline by which Katz was required to produce documents, Katz identified and produced 72 privileged documents that fell within the scope of the waiver found in

1  the Order only four business days later on April 28, 2008. Defendants subsequently
2  wrote to Katz during the late afternoon on Friday, May 2, identifying 78 privileged
3  documents described on Katz's privilege log that they claimed should have been
4  produced pursuant to the Order and informing Katz that they would file an *ex parte*
5  application regarding those documents the following business day. Ex. A.
6  Defendants did not request or make any attempt to meet and confer regarding any
7  of the privileged documents in question, and filed their Application on Monday,
8  May 5.

9  Katz reviewed the documents at issue in Defendants' Application and
10 determined that: 39 documents were duplicates of privileged documents already
11 produced by Katz pursuant to the waiver, and 31 documents did not fall within the
12 scope of the waiver. Katz also determined that seven of the documents[1] at issue in
13 the Application fell within the scope of the waiver and produced them.

14 Those seven documents were located in two boxes of privileged documents
15 previously stored at a law firm that used to represent Katz. To comply with the
16 Court's April 22, 2008 Order, Katz's litigation counsel had reviewed its electronic
17 database of privileged documents. Litigation counsel was unaware, however, that
18 the two boxes of privileged documents from prior counsel had not been scanned
19 and loaded into its document database. Counsel discovered this fact after receiving
20 Defendants' May 2, 2008 e-mail. Counsel then promptly reviewed the two boxes
21 of documents, and determined that seven of the documents identified in
22 Defendants' Application and twelve additional documents not identified fell within
23 the waiver. Katz produced these nineteen documents to all Defendants on May 12,
24 2008. *See* Ex. B. Thus, Katz believes it has fully complied with the Court's Order.

---

[1] One other document identified by Defendants was a duplicate of one of the seven documents, and also fell within the waiver.

## II. DEFENDANTS' CONJECTURE AND UNSUPPORTED ALLEGATIONS DO NOT JUSTIFY THE DRACONIAN RELIEF SOUGHT IN THEIR APPLICATION.

Defendants base their Application not upon facts or argument, but upon speculation and conjecture that all of Katz's privileged documents that fall within the dates of the waiver and include the phrase "patent coverage" on its privilege log must be covered by the waiver. Indeed, Defendants attempt to divine the content of the privileged documents at issue from the description of those documents on Katz's privilege log. But other than sheer speculation, Defendants provide no basis to support their assertion that documents bearing a privilege log description including the phrase "patent coverage" fall within the waiver found in the Order. In addition, Defendants incorrectly assert that Katz did not produce conception documents after 1988 and that such documents must exist after 1988. Yet again, Defendants provide no factual basis for their assertion such documents must exist after 1988. Further, contrary to Defendants' contention, Katz did produce a document from December 1989—KTL20426936.

Defendants' arguments regarding the claim construction portion of the waiver are not based upon facts either. Defendants again speculate that privileged communications prior to January 1994 relating to claim construction must exist between Mr. Katz and Mr. Nilsson. However, Defendants either overlooked or failed to consider the fact that there was no claim construction briefing or hearing in the *First Data Resources, Inc. v. West Interactive Corp.* ("*West*") litigation. Indeed, the Supreme Court's seminal *Markman* opinion that instituted the claim construction procedures followed in patent litigations today did not issue until 1996. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). In any event, First Data's litigation counsel in the *West* litigation was not Mr. Nilsson.

As they did unsuccessfully throughout briefing and oral argument in support of their motion to compel, Defendants attempt to invoke the vacated privilege waiver order from the *Verizon* litigation. But Special Master Quinn, Magistrate

1  Judge Mumm, and this Court all declined Defendants' invitation to adopt the
2  sweeping scope of waiver set forth in that order.  Moreover, that vacated order from
3  a prior litigation has no bearing whatsoever on whether Katz's privileged
4  documents fall within the waiver found in the Court's April 22 Order.

5  Finally, Defendants' attacks on Katz's privilege log are both untimely and
6  inappropriately raised in their Application to enforce the Court's Order regarding
7  the scope of privilege waiver.  Katz served its initial privilege log on the MDL-B
8  defendants in November, 2007.  Since that time, Defendants have fully litigated
9  multiple motions to compel documents identified on that log and completed
10 extensive depositions of Mr. Katz and his prosecution counsel, all without
11 complaint about the sufficiency of Katz's privilege log.  If Defendants believed that
12 any of Katz's privilege log entries were unsatisfactory, they should have met and
13 conferred regarding that issue and sought relief from Special Master Quinn long
14 before the penultimate week of the fact discovery period.

## III.   CONCLUSION

Defendants have failed to articulate any legitimate basis for sanctioning Katz or ordering Katz to produce all communications between Mr. Katz and Mr. Nilsson prior to 1994, and Katz has in fact fully complied with the Court's ruling on Defendants' privilege waiver motion.  Therefore, the Court should deny Defendants' Application.

Dated:  May 12, 2008

/s/ *Jonathan G. Graves*
Jonathan G. Graves (pro hac vice)

Attorneys for Plaintiff
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.